IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10CV139-03-MU

| | |
|---|---|
| MACK CALAM WEST, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SID HARKLEROAD, )<br>)<br>Defendant. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed July 16, 2010. (Do. No. 1.)

In his Complaint against Sid Harkleroad, Plaintiff contends that Defendant violated his Eighth and Fourteenth Amendment rights when he refused to give Plaintiff 30 days meritorious gain time credit after successfully completing the GED program.. Plaintiff requests compensatory, punitive and nominal damages.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. There is no doubt that the PLRA's exhaustion requirement is mandatory. See Anderson v. XYZ Correctional Heath Services, 407 F.3d 674, 676-77 (4th Cir. 2005) citing Porter v. Nussle, 534 U.S. 516, 524 (2002) ("once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy and effective. Even when the prisoner seeks relief not available in the grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." When considering a motion to dismiss for failure to exhaust, the district court

1

must determine whether exhaustion was complete at the time of filing, not at the time when the court is rendering its decision on the Motion to Dismiss. Johnson v. Jones, 340 F.3d 624 (8th Cir. 2003). A Court may sua sponte dismiss a complaint for failure to exhaust if it is clear from the complaint that the inmate has not exhausted his administrative remedies. Anderson v. XYZ, 407 F.3d at 674. Here, although Plaintiff marked the box indicating that he appealed the denial of his grievance to the highest level, it appears that he did not. Indeed, Plaintiff explained that his original grievance, filed with the Director of Prisons on June 29, 2010 was returned to him on July 1, 2010 for filing at his prison. Thereafter, on July 5, 2010, Plaintiff contends that he filed his grievance at Marion Correctional and it was denied. (Complaint at 5.) Given that Plaintiff signed and dated the instant Complaint on July 8, 2010, it appears very unlikely that Plaintiff could have exhausted all three levels of his administrative remedies prior to the filing of the instant Complaint. Because the PLRA requires that an inmate fully exhaust his administrative remedies before suing over prison conditions, and it is clear from the Plaintiff's filings that he has not fully exhausted all three levels of the grievance process prior to filing his Complaint, Plaintiff's Complaint is dismissed without prejudice. Anderson v. XYZ Correctional, 407 F.3d 674, 682 (2005).

**THEREFORE, IT IS ORDERED** that Plaintiff's Complaint is dismissed without prejudice for failure to exhaust his administrative remedies.

**SO ORDERED.**

Signed: July 20, 2010

Graham C. Mullen
United States District Judge